# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**TIMMIE BROOKS**                                                                PETITIONER

V.                                                                     NO. 4:17-CV-24-DMB-JMV

**RON KING and ATTORNEY
GENERAL JIM HOOD**                                                            RESPONDENTS

## ORDER ADOPTING REPORT & RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Jane M. Virden regarding Timmie Brooks' petition for a writ of habeas corpus. Doc. #14.

## I
## Procedural History

On or about February 14, 2017, Timmie Brooks filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his February 18, 2010, conviction and sentence in the Circuit Court of Coahoma County, Mississippi. Doc. #1 at 1, 15. On September 29, 2017, Ron King and Jim Hood ("respondents") moved to dismiss the petition. Doc. #11. Brooks responded on October 31, 2017, Doc. #12; the respondents replied on November 20, 2017, Doc. #13.

On March 7, 2018, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation ("R&R") recommending that Brooks' petition be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d). Doc. #14 at 6. On or about March 21, 2018, Brooks acknowledged receipt of the R&R, Doc. #15, and filed objections, Doc. #16. On March 26, 2018, the respondents filed a notice of their intent not to respond to Brooks' objections. Doc. #17.

## II
## Standard of Review

Where objections to a report and recommendation have been filed, a court must conduct a

de novo review of the report and recommendation to which objections have been specifically raised. *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009). "With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Id*. (citing *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *superseded on other grounds by* 28 U.S.C. § 636(b)(1)).

## III
## Analysis

The R&R recommends dismissing Brooks' petition with prejudice as untimely under 28 U.S.C. § 2244(d) because Brooks failed to file it within one year of his state court judgment becoming final and because he failed to establish that equitable tolling of the one-year limitation period is warranted. Doc. #14 at 6.

In his objections to the R&R, Brooks essentially reasserts the claims and arguments advanced in his petition and his response opposing dismissal. He contends that (1) the state "played a major role in causing [him] to miss his deadline;" (2) there are no transcripts or record of his plea hearing and there is no evidence that a valid plea was entered;[1] (3) he is serving an

---

[1] In his petition, Brooks alleges that his attorney entered a guilty plea on his behalf without his knowledge or consent. Doc. #1 at 2, 15. The relevant transcripts from the state court proceedings are unavailable because the court reporter who attended the proceedings passed away and left her collection of recordings, which included some 700 tapes, in disarray. *See id*. at 20. After Brooks filed several motions in state court to obtain the guilty plea transcripts, the Circuit Court of Coahoma County concluded that the recordings of Brooks' hearing "were unavailable and were not likely to become available." *Brooks v. State of Mississippi*, No. 2013-CP-978-COA, at 3 (Miss. Ct. App. Jan. 10, 2017).

The Mississippi Court of Appeals directed the Circuit Court to conduct a hearing pursuant to Rule 10 of the Mississippi Rules of Appellate Procedure to reconstruct the record of Brooks' guilty plea hearing. *Id*. In doing so, the state court took testimony from several witnesses, including Brooks' public defender, Ricky Lewis; Ray Carter from the Office of Capital Defense Counsel; Regina Curry, a mitigation specialist with the Office of Capital Defense who assisted with Brooks' representation; Assistant District Attorney Michael Carr, who prosecuted Brooks; Judge Kenneth L. Thomas, who presided over the case; and Theresa Thigpen, Judge Thomas' former court administrator. *Id*. at 1–2, 4. The Circuit Court, finding that the only evidence of a coerced plea was Brooks' own testimony, concluded that his plea was proper. *Id*. at 6–7. The Mississippi Court of Appeals affirmed the state court's findings and conclusion that Brooks' motion for postconviction relief be denied. *Id*. at 7. To be sure, the events surrounding Brooks' guilty plea hearing are unusual; however, as discussed below, they have no bearing on the timeliness of his petition.

illegal sentence; (4) he is pro se and being assisted by "jailhouse lawyers" who are providing ineffective assistance of counsel; and (5) his guilty plea is invalid because it violated Federal Rule of Criminal Procedure 11. Doc. #16 at 2–7.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act, a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244 (d)(1). The one-year period runs from the latest of four possible dates; relevant here is "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." *Id*. at § 2244(d)(1)(A). Brooks pleaded guilty to murder and capital murder and was sentenced to life imprisonment without the possibility of parole in the Circuit Court of Coahoma County, Mississippi, on February 18, 2010. Doc. #11-1 at 7–8, 13–14. Because Mississippi proscribes direct appeals from guilty pleas,[2] Brooks' judgment of conviction became final on February 18, 2010. Brooks filed his petition on or about February 15, 2017—nearly seven years after his conviction became final. Moreover, it was not until May 2, 2011—over two months after the § 2244 limitation period ran—that Brooks first sought the transcripts from his plea hearing. Accordingly, neither his present petition nor his filing in state court seeking transcripts from the hearing was timely under § 2244.

In "rare and exceptional circumstances," the one-year limitations period may be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling applies only when a prisoner has "diligently" pursued his federal habeas claims. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In his objections to the R&R, Brooks argues that the state "played a major role in

---

[2] *See* Miss. Code Ann. § 99-35-101 ("[W]here the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.").

3

causing [him] to miss his deadline." Doc. #16 at 2. Presumably, Brooks contends that because it took the state courts years to reconstruct the record of his guilty plea hearing, he is entitled to equitable tolling. However, Brooks does not explain how the respondents' actions caused him to wait until May 2011 to initially seek the transcripts from his state court proceeding. Accordingly, Brooks' objection that the respondents caused his delay is without merit.

Brooks also contends that his pro se status entitles him to equitable tolling. However, Brooks' pro se status, lack of legal training, and unfamiliarity with the law "are insufficient reasons to equitably toll the AEDPA statute of limitations." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Thus, Brooks' objection regarding is pro se status is also without merit.[3]

Similarly, Brooks' objection that he is serving an illegal sentence is without merit because he offers no explanation as to why he could not assert his illegal sentence claim before the § 2244 limitation period ran in February 2011.

As for Brooks' objection that his sentence is invalid because his guilty plea violated Federal Rule of Criminal Procedure 11, his argument is similarly unavailing. Because Brooks' criminal proceedings took place in state court—specifically, the Circuit Court of Coahoma County—the Federal Rules of Criminal Procedure did not govern the proceedings. Even had he entered his guilty plea under the Federal Rules of Criminal Procedure, Brooks has not demonstrated why he was unable to challenge his guilty plea before the one-year limitation period in § 2244.

Brooks' final, and primary, objection—that because there is no record or transcript of his guilty plea, there is no evidence that his guilty plea was knowing and voluntary—suffers from the same deficiency as his other objections. Brooks not only failed to pursue this claim before § 2244's

---

[3] To the extent Brooks argues that the "jailhouse lawyers" he has been working with have essentially provided him with ineffective assistance of counsel, his claim for ineffective assistance of counsel is without merit because "there is no constitutional right to counsel in habeas proceedings." *Callins v. Johnson*, 89 F.3d 210, 211 (5th Cir. 1996) (emphasis omitted).

one-year limitation period expired but also fails to offer any explanation here why he was unable to pursue his claim such that it warrants equitable tolling of the limitation period.

Accordingly, all of Brooks' objections [16] are **OVERRULED**. Having reviewed the remainder of the R&R to which there were no objections and finding no plain error, the R&R [14] is **ADOPTED** as the order of the Court; the respondents' motion to dismiss [11] is **GRANTED**; and this action is **DISMISSED**. A final judgment consistent with this order will issue separately.

## IV
## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon entry of a final order adverse to the petitioner. Brooks must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because Brooks' petition is rejected on procedural grounds, Brooks must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be, and is, **DENIED**.

**SO ORDERED**, this 10th day of September, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**